UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | FACTUAL ALLEGATIONS <br> IN SUPPORT OF JUDICIAL REMOVAL |
| - against – | |
| | Criminal Docket No. 15 Cr. 333 (LTS) |
| ZIV ORENSTEIN, | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - X

NOTICE IS HEREBY GIVEN TO ZIV ORENSTEIN ("the defendant") and to his attorney of record herein, Alan S. Futerfas, Esq., that the United States of America alleges the following facts in support of the Notice of Intent to Request Judicial Removal:

1. The defendant is not a citizen or national of the United States.

2. The defendant is a native and citizen of Israel.

3. On or about June 9, 2016, the defendant was paroled into the United States for prosecution at or near Newark International Airport, NJ.

4. At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the United States District Court, Southern District of New York, of the following offenses: Conspiracy to Commit Identification Document Fraud, in violation of 18 U.S.C. § 1028(f); Aggravated Identity Theft, in violation of 18 U.S.C. §§ 1028A, 2; Conspiracy to Violate the Unlawful Internet Gambling Enforcement Act, in violation of 18 U.S.C. § 371; Violation of the Unlawful Internet Gambling Enforcement Act, in violation of 31 U.S.C. §§ 5363, 5366; 18 U.S.C. § 2; Operation of an Illegal Gambling Business, in violation of 18 U.S.C. §§ 1955, 2; Conspiracy to Commit Wire Fraud in relation to an unlawful payment

      processing scheme, in violation of 18 U.S.C. § 1349; and Conspiracy to Commit Money Laundering in relation to a securities market manipulation scheme and internet gambling and payment processing schemes, in violation of 18 U.S.C. § 1956(h).

5. A total maximum sentence of 90 years' imprisonment may be imposed for the above-mentioned offenses, with the exception that the offense of Aggravated Identity Theft carries a mandatory consecutive term of 2 years' imprisonment.

6. The defendant is, and at time of sentencing will be, subject to removal from the United States pursuant to Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act of 1952, as amended, (the "Act"), 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General under Section 211(a) of the Act; and Section 212(a)(2)(A)(i)(I) of the Act, 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien convicted of a crime involving moral turpitude.

WHEREFORE, pursuant to Section 238(c) of the Act, 8 U.S.C. § 1228(c), the United States of America requests that the Court order the defendant removed from the United States to Israel.

Dated:   New York, New York
           October 19, 2020

                                      AUDREY STRAUSS
                                      Acting United States Attorney
                                      Southern District of New York

                    By:    _____
                           Eun Young Choi, Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | DEFENDANT'S PLEA STATEMENT IN SUPPORT OF JUDICIAL REMOVAL |
| - against – | |
| ZIV ORENSTEIN, | Criminal Docket No. 15 Cr. 333 (LTS) |
| Defendant. | |

- - - - - - - - - - - - - - - - - - X

ZIV ORENSTEIN, defendant in the above-captioned criminal proceeding, hereby states as follows:

1.  My true and correct name is ZIV ORENSTEIN.

2.  I received a Notice of Intent to Request Judicial Removal ("Notice"), dated, October 19, 2020. I am the person identified in that document. I hereby waive my right, pursuant to Section 238(c)(2)(A) of the Immigration and Nationality Act of 1952, as amended (the "Act"), 8 U.S.C. § 1228(c)(2)(A), to have the Notice served upon me prior to the commencement of the trial or entry of a guilty plea in this case.

3.  I received the Factual Allegations in Support of Judicial Removal ("Allegations"), dated October 19, 2020. I hereby waive my right, pursuant to Section 238(c)(2)(B) of the Act, 8 U.S.C. § 1228(c)(2)(B), to have the allegations served 30 days prior to sentencing.

4.  My rights in a judicial removal proceeding have been fully explained to me by my attorney, Alan S. Futerfas, Esq. After consultation with my counsel and understanding the legal consequence of doing so, I knowingly and voluntarily waive the right to the notice and hearing provided for in Section 238(c)(2) of the

       Act, 8 U.S.C. § 1228(c)(2), and further waive any and all rights to appeal, reopen, reconsider, or otherwise challenge this order. I understand the rights I would possess in a contested administrative proceeding and I waive these rights, including the right to examine the evidence against me, present evidence on my own behalf, and cross examine witnesses presented by the United States. I understand these rights and waive further explanation by the Court.

5. I hereby admit that all of the factual allegations set forth in the Allegations are true and correct as written.

6. I hereby concede that I am removable from the United States pursuant to Section 212(a)(7)(A)(i)(I) of the Act, 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General under Section 211(a) of the Act; and Section 212(a)(2)(A)(i)(I) of the Act, 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien convicted of a crime involving moral turpitude.

7. I hereby waive any and all rights I may have to any and all forms of relief or protection from removal, deportation, or exclusion under the Act, as amended, and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: asylum; withholding of removal under Section 241(b)(3) of the Act, 8 U.S.C. § 1231(b)(3); any protection from removal pursuant to Article III of the United Nations

        Convention Against Torture, including withholding or deferral of removal under 8 C.F.R. §§ 208.16-17 and 1208.16-17; cancellation of removal; adjustment of status; registry; *de novo* review of a denial or revocation of temporary protected status (current or future); waivers under Sections 212(h) and 212(i) of the Act, 8 U.S.C. §§ 1182(h), 1182(i); visa petitions; consular processing; voluntary departure or any other possible protection or relief from removal available under the Constitution, laws or treaty obligations of the United States.

8. I agree to the entry of a stipulated judicial order of removal pursuant to Section 238(c)(5) of the Act, 8 U.S.C. § 1228(c)(5). I acknowledge that I have not been persecuted in Israel and have no present fear of persecution in Israel, the country of my citizenship. I further acknowledge that I have not been tortured in Israel and have no present fear of torture in Israel, the country of my citizenship.

9. I consent to the introduction of this statement as an exhibit in the record of these judicial removal proceedings. I further agree to make the judicial order of removal a public document, waiving my privacy rights, including any privacy rights that might exist under 8 C.F.R. § 208.6.

10. I agree to assist U.S. Immigration and Customs Enforcement ("ICE") in the execution of my removal. Specifically, I agree to assist ICE in the procurement of any travel, identity, or any other documents necessary for my removal; to meet with and to cooperate with representatives of any country to which I may by statute be removed if ICE so requests; and to execute any forms, applications, or waivers needed to execute or expedite my removal. I further understand that my failure or

refusal to assist ICE in the execution of my removal may subject me to criminal penalties under Section 243 of the Act, 8 U.S.C. § 1253.

11. I concede that the entry of this judicial order of removal renders me permanently inadmissible to the United States. I agree that I will not enter, attempt to enter, or transit through the United States without first seeking and obtaining permission to do so from the Secretary of the Department of Homeland Security or other designated representative of the U.S. government.

12. I will accept a written order issued by this Court for my removal from the United States to Israel, and I waive any and all rights to challenge any provision of this agreement in any U.S. or foreign court or tribunal.

October 21, 2020
Date

October 21, 2020
Date

_____
Defendant's Signature

_____
Attorney for the Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| UNITED STATES OF AMERICA | CONCURRENCE OF UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT |
| - against - | |
| ZIV ORENSTEIN, | Criminal Docket No. 15 Cr. 333 (LTS) |
| Defendant. | |

- - - - - - - - - - - - - - - - - -X

Based upon consideration of the applicable law and the defendant's statement, I hereby concur, on behalf of United States Immigration and Customs Enforcement, in the United States Attorney's request that a judicial order of removal be granted against the defendant.

New York, New York

Dated  10/20/20

_____
WILLIAM P. JOYCE
Deputy Field Office Director
United States Immigration and Customs Enforcement
For
THOMAS DECKER
Field Office Director
United States Immigration and Customs Enforcement