UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - X

| UNITED STATES OF AMERICA | ORDER OF JUDICIAL REMOVAL |
|---|---|
| - against – | Criminal Docket No. 15 Cr. 333 (LTS) |
| ZIV ORENSTEIN, | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - X

Upon the application of the United States of America, by Eun Young Choi, Assistant United States Attorney, Southern District of New York; upon the Factual Allegations in Support of Judicial Removal; upon the consent of ZIV ORENSTEIN (the "defendant"); and upon all prior proceedings and submissions in this matter; and full consideration having been given to the matter set forth herein, the Court finds:

1. The defendant is not a citizen or national of the United States.

2. The defendant is a native and citizen of Israel.

3. On or about June 9, 2016, the defendant was paroled into the United States for prosecution at or near Newark International Airport, NJ.

4. At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the United States District Court, Southern District of New York, of the following offenses: Conspiracy to Commit Identification Document Fraud, in violation of 18 U.S.C. § 1028(f); Aggravated Identity Theft, in violation of 18 U.S.C. §§ 1028A, 2; Conspiracy to Violate the Unlawful Internet Gambling Enforcement Act, in violation of 18 U.S.C. § 371; Violation of the Unlawful Internet Gambling Enforcement Act, in violation of 31 U.S.C. §§ 5363, 5366; 18

U.S.C. § 2; Operation of an Illegal Gambling Business, in violation of 18 U.S.C. §§ 1955, 2; Conspiracy to Commit Wire Fraud in relation to an unlawful payment processing scheme, in violation of 18 U.S.C. § 1349; and Conspiracy to Commit Money Laundering in relation to a securities market manipulation scheme and internet gambling and payment processing schemes, in violation of 18 U.S.C. § 1956(h).

5. A total maximum sentence of 90 years' imprisonment may be imposed for the above-mentioned offenses, with the exception that the offense of Aggravated Identity Theft carries a mandatory consecutive term of 2 years' imprisonment.

6. The defendant is subject to removal from the United States pursuant to Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act of 1952, as amended, (the "Act"), 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General under Section 211(a) of the Act; and Section 212(a)(2)(A)(i)(I) of the Act, 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien convicted of a crime involving moral turpitude.

7. The defendant has waived his right to notice and a hearing under Section 238(c) of the Act, 8 U.S.C. § 1228(c).

8. The defendant has waived the opportunity to pursue any and all forms of relief and protection from removal.

9. The defendant has designated Israel as the country for removal pursuant to Section 240(d) of the Act, 8 U.S.C. § 1229a(d).

WHEREFORE, IT IS HEREBY ORDERED, pursuant to Section 238(c) of the Act, 8 U.S.C. § 1228(c), that the defendant shall be removed from the United States promptly upon his release from confinement, or, if the defendant is not sentenced to a term of imprisonment, promptly upon his sentencing, and that the defendant be ordered removed to Israel.

Dated: New York, New York
October 22, 2020

/s/ Laura Taylor Swain
HONORABLE LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE