UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
UNITED STATES OF AMERICA                  :
                                          :          CONSENT PRELIMINARY ORDER OF
                                          :          FORFEITURE AS TO SPECIFIC
            -v.-                          :          PROPERTY/MONEY JUDGMENT
                                          :
ZIV ORENSTEIN,                            :          S3 15 Cr. 333 (LTS)
    a/k/a "Aviv Stein"                    :
    a/k/a "John Avery"                    :
                                          :
            Defendant.                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on November 9, 2015, ZIV ORENSTEIN (the "Defendant"), was

charged in an eight-count Superseding Information, S3 15 Cr. 333 (LTS) (the "Information"), with:

identification document fraud conspiracy, in violation of Title 18, United States Code, Section

1028(f) (Count One); aggravated identity theft, in violation of Title 18, United States Code, Section

1028A and 2 (Count Two); Unlawful Internet Gambling Enforcement Act conspiracy, in violation

of Title 18, United States Code, Section 371 (Count Three); Unlawful Internet Gambling

Enforcement Act, in violation of Title 31, United States Code, Sections 5363 and 5366, and Title

18, United States Code, Section 2 (Count Four); operation of an illegal gambling business, in

violation of Title 18, United States Code, Sections 1955 and 2 (Count Five); conspiracy to commit

wire fraud, in violation of Title 18, United States Code, Section 1349 (Count Six); and money

laundering conspiracy, in violation of Title 18, United States Code, Section 1956(h) (Counts Seven

and Eight);

WHEREAS, the Information included a forfeiture allegation with respect to Count

One, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section

982(a)(2)(B), of any and all property constituting or derived from proceeds obtained directly or

1

indirectly as a result of the offense alleged in Count One of the Information, and pursuant to Title 18, United States Code, Section 1028(b)(5), any personal property that was used or intended to be used to commit the offense alleged in Count One of the Information;

WHEREAS, the Information also included a forfeiture allegation with respect to Counts Five and Six, seeking forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, of any and all property, real and personal which constitutes or is derived from proceeds traceable to the offenses alleged in Counts Five and Six of the Information;

WHEREAS, the Information also included a forfeiture allegation with respect to Counts Seven and Eight of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any property, real or personal, involved in the offenses charged in Counts Seven and Eight of the Information, or any property traceable to such property;

WHEREAS, on or about July 21, 2015, the Israeli government seized the following specific property:

        a.  One Black USB 4 gigabyte flash disk;

        b.  Two Huawei Cellular phones; and

        c.  Asus laptop computer;

(a through c, collectively the "Specific Property");

WHEREAS, on or about August 9, 2016, the Defendant pled guilty to Counts One through Eight of the Information, pursuant to an agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One and Five through Eight of the Information and agreed to forfeit to the United States (i) pursuant to Title 18, United States

Code, Section 982(a)(2)(B) any property constituting or derived from proceeds obtained, directly or indirectly, as a result of the offense alleged in Count One of the Information and pursuant to Title 18, United States Code, Section 1028(b)(5) any personal property used or intended to be used to commit the offense alleged in Count One of the Information; (ii) pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any and all property, real or personal, which constitutes or is derived from proceeds traceable to the offenses alleged in Counts Five and Six of the Information; and (iii) pursuant to Title 18, United States Code, Section 982(a)(l), any property, real or personal, involved in the offenses alleged in Counts Seven and Eight of the Information, or any property traceable to such property;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $1,837,043 in United States currency representing the amount of proceeds traceable to the offenses charged in Counts One, Five and Six of the Information that the Defendant personally obtained and/or property involved in Counts Seven and Eight of the Information, for which the Defendant is jointly and severally liable with co-defendant Gery Shalon, to the extent a forfeiture money judgement is entered against Shalon;

WHEREAS, on August 11, 2016, the Defendant personally posted $50,000 cash bail (the "Bail Funds") toward a $50,000 court-ordered personal recognizance bond, and the Bail Funds remain on deposit with the Clerk of Court (receipt number 465401159619);

WHEREAS, the parties agree that that the Bail Funds shall be applied towards the satisfaction of the Defendant's forfeiture money judgment;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Specific Property, which constitute proceeds of the offenses charged in Counts

One, Five and Six of the Information that the Defendant personally obtained and/or property involved in Counts Seven and Eight of the Information;

WHEREAS, the Defendant consents for the Israeli government to release the Specific Property to the United States;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One, Five and Six of the Information that the Defendant personally obtained and the property involved in the offenses charged in Counts Seven and Eight of the Information, cannot be located upon the exercise of due diligence with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Audrey Strauss, Acting United States Attorney, Assistant United States Attorneys Eun Young Choi, and the Defendant ZIV ORENSTEIN, and his counsel, Alan S. Futerfas, Esq., that:

1.      As a result of the offenses charged in Counts One and Five through Eight of the Information, to which the Defendant pled guilty, a money judgment in the amount of $1,837,043 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One, Five, and Six of the Information that the Defendant personally obtained, and the property involved in Counts Seven and Eight, shall be

4

entered against the Defendant, for which the Defendant is jointly and severally liable with co-defendant Gery Shalon, to the extent a forfeiture money judgment is entered against Shalon.

2.      As a result of the offenses charged in Counts One and Five through Eight of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.      In accordance with Title 28, United States Code, Section 2044, the Clerk of the Court shall pay the Bail Funds, less the Clerk's fees, if any, to the United States in the form of a check payable to the United States Department of Treasury which shall reference the Defendant's name and case number, and be delivered to the United States Attorney's Office, One St. Andrew's Plaza, New York, NY, Attn: Alexander J. Wilson, Co-Chief, Money Laundering and Transnational Criminal Enterprises Unit.

4.      Upon execution of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and pursuant to 21 U.S.C. § 853, the United States Department of Treasury shall be authorized to deposit the Bail Funds, as a payment on the Money Judgment, in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, ZIV ORENSTEIN, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

6.      All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Department of Treasury,

5

and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

7.     Upon entry of this Consent Preliminary Order of Forfeiture/Money Judgment, and pursuant to Title 21, United States Code, Section 853, United States Department of Treasury, or its designee shall be authorized to deposit the payment on the Money Judgment in the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

8.     Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

9.     Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov.   This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days.   Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

10.     The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii)

shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

11.     Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

12.     Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

13.     Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

14.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

15.     The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

7

16.    The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

17. ·    The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:
AUDREY STRAUSS
Acting United States Attorney
Southern District of New York

By:    _____    10/21/2020
       EUN YOUNG CHOI                      DATE
       Assistant U.S. Attorney
       One St. Andrew's Plaza
       New York, New York 10007
       Tel. No. (212) 637-2187

ZIV ORENSTEIN

By:    _____    October 21, 2020
       Ziv Orenstein                       DATE

By:    _____    October 21, 2020
       Alan S. Futerfas, Esq.              DATE
       Counsel for the Defendant
       Law Offices of Alan S. Futerfas
       565 Fifth Avenue, 7th Floor
       New York, New York 10017
       (212) 684-8400

8

SO ORDERED:

 /s/ Laura Taylor Swain
HONORABLE LAURA TAYLOR SWAIN            October 22, 2020
United States District Judge            DATE
Southern District of New York